UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACEY BURNAM,<br>    PLAINTIFF | CASE NO. C-1-03-852<br>(WATSON, J.)<br>(HOGAN, M.J.) |
| VS. | |
| WILLIAM HOWARD, ET AL.,<br>    DEFENDANTS | |

**REPORT AND RECOMMENDATION**

    The Court conducted a hearing on the damages issue on June 2, 2005. Present were Ted L. Wills, counsel for Plaintiff, and Lyn Sobecki, counsel for Defendants Guy Hallman and Guy Hallman Appraisers. Both Plaintiff and Paul Dotterman, a real estate appraiser, testified. The Court received in evidence Plaintiff's Exhibits 1-3. Although Judge Watson's previous Orders granted default judgment against Defendants William Miller and Defendant Zippiboss, Inc. dba Milestone Financial only, we note that Defendant CBSK dba American Home Loans has been dismissed, that Defendants Guy Hallman Guy Hallman Appraisers and Gloria Allie have filed Answers, and that Defendant Theotis Kindrell has died. Thus, it appears to us that the damages award that we find appropriate today would apply to Defendants Howard and WDH Investments, LLC in the event that default judgments are eventually entered against them.

    Plaintiff argues that the measure of damages to be applied in this case is the difference between the price as represented and the actual value of the property in question. Plaintiff's argument is supported by *Molnar v. Beriswell*, 122 O.S. 348 (1930) and *Linerode v. Rasmussen*, 63 O.S. 545 (1900 ). The price as represented was shown to be $110,000, which was the value placed upon the property by Defendant Hallman. The actual or market value was $59,000 as determined by Paul Dotterman, S.R.A, a person with over 25 years experience in residential real estate appraising and who has conducted over 18,000 appraisals. Mr. Dotterman used the comparable sales method, largely because Plaintiff's property, located at 239 Helen Street in the Cincinnati suburb of Mt. Auburn, was 95 years old and not amenable to either the cost or income

methods used in appraising property.  (See Plaintiff's Exhibit 1)  Plaintiff testified only to establish that she moved into her home on Helen Street in December, 2002 and that there had been no major changes in the condition of the property since that time.

The Court therefore finds that the damages sustained by Plaintiff herein is $51,000 (x 3 since Plaintiff has a RICO claim) or $153,000 that costs total $1,787.40 (See Plaintiff's Exhibit 2) and that legal fees are $30,714.25 (See Plaintiff's Exhibit 3)  The total damages are therefore $185,501.65.

Ms.  Sobecki's purpose in appearing on behalf of Defendants Hallman and Hallman appraisers was to make the point that she doesn't believe that joint and several liability applies to her clients.  Since her argument goes to the judgment itself, rather than to the amount of damages resulting from that judgment, this Court felt it more appropriate for her to address that issue with Judge Watson.

We recommend that Judge Watson conclude this case by awarding damages against Defendants Miller, WDH Investments, Inc., Zippiboss, Inc. dba Milestone Financial and Howard in the amount of $185, 501.65.

                                                s/Timothy S. Hogan

June 2, 2005                                          _____
                                                     Timothy S. Hogan
                                                     United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Tracey Burnam,
    Plaintiff(s),

    v.

William Howard, et al.,
    Defendant(s).

CASE NO. 1:03cv0852
(Watson, J.; Hogan, M.J.)

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 6/3/2005. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.